**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| G&G Closed Circuit Events LLC, | No. CV-19-05145-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Mellie Barajas, et al., | |
| Defendants. | |

Plaintiff accuses Defendants of violating federal law by commercially exhibiting a televised pay-per-view boxing match to which Plaintiff owns the exclusive nationwide licensing rights without first obtaining the requisite license. (Doc. 1.) Defendants' answer denies the allegations and contains the following affirmative defenses section:

> 1. For their affirmative defenses, Defendants assert one or more of the following:
>
>   a. Failure to state a claim upon which relief may be granted;
>
>   b. Failure to mitigate damages;
>
>   c. Estoppel;
>
>   d. Contributory negligence;
>
>   e. Defendants acted reasonably and in good faith at all material times herein, based on all relevant facts and circumstances known by them at the time they so acted;
>
>   f. To the extent Plaintiff incurred any damages, such damages were caused in whole or in part by Plaintiff's

     own actions or the actions of other defendants;

     g. Mistake;

     h. Assumption of risk;

     i. Intervening/Superseding cause;

     j. Misrepresentation and Fraud;

     k. Failure of consideration.

  2. Defendants affirmatively assert that Plaintiff may not recover under both 47 U.S.C. § 605 and 47 U.S.C. § 553.

  3. Discovery may reveal the existence and applicability of additional affirmative defenses. For the specific purpose of not waiving any defenses which are revealed or clarified through further discovery, Defendants preserve those affirmative defenses as contained within Federal Rules of Civil Procedure 4, 8, 12 and 19.

(Doc. 10.) Plaintiff has moved to strike these affirmative defenses.[1] (Doc. 13.) In response, Defendants agreed to withdraw the following: failure to state a claim, intervening/superseding cause, assumption of risk, estoppel, and failure of consideration. (Doc. 15 at 2.) This order addresses the remainder.

  The Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether to strike material that falls within the scope of Rule 12(f) is discretionary. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010). "Motions to strike are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice." *Contrina v. Goya Foods, Inc.*, 94 F. Supp. 3d 1774, 1182 (S.D. Cal. Mar. 19, 2015) (internal quotation and citation omitted). Accordingly, even if an affirmative defense is insufficient or immaterial, courts generally will not grant a motion to strike unless the movant can show that the defense has "no

---

[1] Several of the defenses Defendants characterize as affirmative defenses plainly are not because they are denials of elements of Plaintiff's claims. "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *See Zikovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). An affirmative defense, in contrast, is one that precludes liability even if Plaintiff proves all the elements of its claims. For ease, the Court will refer to Defendants' defenses collectively as "affirmative defenses," even though this description technically is inaccurate as to some.

possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Id.*

The Court agrees that some of the remaining affirmative defenses in paragraph 1 of the affirmative defenses section in Defendants' answer are insufficient or immaterial. For example, Defendants assert a contributory negligence affirmative defense, even though this is not a negligence case. But the Court will deny the motion to strike because many of Defendants' remaining affirmative defenses, though perhaps inaccurately labeled, bear a possible relationship to the controversy. The overarching theme of these affirmative defenses is that, if Defendants are found liable, damages should be reduced because Defendants did not know or have reason to know that they were violating federal law. Based on the briefing, Plaintiff (whose counsel is quite experienced in these types of commercial piracy cases) understands as much. Plaintiff is not prejudiced by the fact that Defendants have assigned imprecise labels to what, at bottom, is a single damages-related defense. Moreover, fact discovery closes on May 31, 2020, and dispositive motions are due June 30, 2020. By that time, Defendants should be able to dispose of any affirmative defense that are not borne out by the facts and refine the terminology they use to describe their damages-related arguments. Striking these affirmative defenses likely will have no real-world impact on the parties' behavior at this stage.

Similarly, paragraph 2 is, at bottom, a damages-related defense that undeniably relates to this controversy. Though it might not meet the technical definition of an *affirmative* defense, Plaintiff is not prejudiced by this imprecision.

Finally, paragraph 3 is a reservation of Defendants' perceived right to amend their answer in response to new factual developments. Although this is in no way a defense, affirmative or otherwise, it also is unnecessary and ineffective. Federal Rules of Civil Procedure 15 and 16, along with the Court's scheduling order, provide mechanisms for amending pleadings. That a party purports to "reserve" the right to amend its pleadings changes nothing about the standards governing motions for leave to amend pleadings. Plaintiff is not prejudiced by the inclusion of this meaningless reservation.

In sum, though Defendants have used imprecise terminology in their answer, striking the offending matter will have no practical effect on this litigation. Motions to strike are disfavored for precisely this reason. *See, e.g., Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) (advising counsel against filing motions to strike unless the matter at issue "is actually prejudicial," and lamenting that "[s]uch motions are what give 'motion practice' a deservedly bad name."); *Raymond Weil, S.A. v. Theron*, 585 F. Supp. 2d 473, 489-90 (S.D.N.Y. Sept. 30, 2008) (explaining, rather bluntly, that a motion to strike boilerplate affirmative defenses "wastes the client's money and the court's time."). Therefore,

**IT IS ORDERED** that Plaintiff's motion to strike (Doc. 13) is **DENIED**.

Dated this 3rd day of April, 2020.

Douglas L. Rayes
United States District Judge

- 4 -